**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION**

| | |
|---|---|
| Freddie Lee Curry, ) | Crim. No. 1:08-cr-729 |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Movant Freddie Lee Curry, proceeding *pro se,* seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

### I.  PROCEDURAL BACKGROUND

On May 20, 2009, a federal grand jury returned a superseding indictment charging Movant with conspiracy to possess and distribute cocaine base ("crack" cocaine) (Count 1), five separate counts of possession and distribution of five grams or more of crack cocaine (Counts 13-17), and possession of a firearm in furtherance of a drug trafficking crime (Count 18).  ECF No. 299.

While in custody prior to trial, Movant made incriminating statements to law enforcement. Movant signed a *Miranda* waiver before making any statements which expressly provided that "[n]o promises or threats have been made to me, and no pressure or force of any kind has been used against me."  ECF No. 393-1.  Movant later claimed that the Government promised him that he would face no more than ten years in prison if he cooperated.  *See* ECF No. 390-1.  Movant's motion to suppress the statements was denied by this court after a hearing. ECF No. 487 at 29-30.  Movant did not challenge this ruling on appeal.

Also prior to trial, the Government notified Movant that he was subject to enhanced penalties under 21 U.S.C. § 851.  ECF No. 207.  Movant's counsel discussed the § 851 enhancement Movant

faced on multiple occasions. ECF 1042-2 at 3-4 (Aff. of Movant's Counsel). In addition, correspondence submitted by Movant in support of his § 2255 motion confirm that counsel also discussed the likelihood that Movant would be sentenced as a career offender under U.S.S.G. § 4B1.1. *See* ECF No. 1049-1 at 2-3 (Letter from Movant's counsel to Movant, June 2, 2009) ("You will be classified as a Career Offender."). Movant's counsel moved to quash the § 851 enhancement prior to trial. ECF No. 390. After a hearing, this court denied the motion. ECF No. 487 at 74-75. Movant did not challenge this ruling on appeal.

After a jury trial, Movant was convicted of the conspiracy to distribute crack cocaine and the distribution of crack cocaine charges. ECF No. ECF No. 483. Relevant to the instant § 2255 motion, the jury heard evidence from numerous witnesses and was presented with physical evidence that would support a conviction for engaging in a conspiracy to distribute drugs. The physical evidence included thirty-three bags of powder cocaine and two bags of crack cocaine recovered from Movant's vehicle, containing 26.72 grams of powder cocaine and 16.12 grams of crack cocaine. ECF No. 717 at 31-37 (Trial Transcript) (hereinafter "Trial Tr."). A detective testified that the individual packaging of the drugs was an indication that they were for resale. In a separate incident, officers discovered 279.5 grams of marijuana, 50 bags containing a total of 17.08 grams of cocaine, scales, and plastic bags in Movant's vehicle. Trial Tr. at 47-48, 206-210. In addition to the physical evidence, the jury also heard testimony from several witnesses about Movant's involvement in the drug conspiracy. This testimony came from witnesses who purchased crack cocaine for their own use from Movant, who obtained the crack cocaine they sold from Movant, and who allowed Movant to use their houses to "cook," i.e. to make, crack cocaine. *See* Trial Tr. (testimony of Kelly Busbee, Corey Sapp, Ernest Corey, and Kenneth Marciniack). Sometimes Movant "fronted" dealers crack

cocaine with the understanding they would reimburse him later. *See* Trial Tr. at 173. The drug sales of this network in Currytown revolved around a central point: "the tree." Trial Tr. at 306-07.

Testimony also revealed that Movant exercised a leadership role in the conspiracy. Movant designated others to run errands for him, taught others how to deal crack cocaine, supplied a network of dealers with crack cocaine, and convinced others to let him manufacture cocaine in their houses in exchange for the residue the process left behind. *See* Trial Tr. 119-20, 221-22, 243. On other occasions, Movant used others to collect money for the drugs or to serve as lookouts while he was making crack cocaine or counting money. Trial Tr. 278-79, 428. Four witnesses also testified that they saw Movant with a gun at the places where he often sold drugs. Trial Tr. 184-85, 228-29, 281-82, 313-14.

After Movant's conviction, the court held a sentencing hearing on March 30, 2010. ECF No. 728. Under the Guidelines, Movant's base offense level was 36 and his criminal history category, even without the career offender enhancement, was VI. ECF No. 735 at 35-36, 40. The court determined that Movant was a career offender pursuant to U.S.S.G. § 4B1.1. The court also found the evidence supported a four-level sentence enhancement for a leadership role under U.S.S.G. § 3B1.1(a) and a two-level sentence enhancement for possession of a dangerous weapon during the conspiracy under U.S.S.G. § 2D1.1(b)(1). ECF No. 792 at 16-17, 23. After granting a motion for a downward variance in order to count crack cocaine as equivalent to powdered cocaine for sentencing purposes, the court determined the Guidelines range to be 324 months to 405 months imprisonment. ECF No. 792 at 37. The court sentenced movant to 360 months imprisonment each as to Counts 1, 16, and 17, to run concurrently. ECF No. 732 at 2. Judgment was entered April 2, 2010 and amended to correct a sentencing error on June 16, 2010. ECF Nos. 732 & 829. Movant

appealed his conviction and sentence. ECF No. 735. The Fourth Circuit Court of Appeals, however, affirmed on July 1, 2011. ECF Nos. 979-80.

Movant timely filed this § 2255 motion on March 5, 2012. ECF No. 1017. On May 14, 2012, the Government filed a response in opposition and a motion for summary judgment. ECF No. 1042. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court entered an order on May 14, 2012, explaining the summary judgment procedure and warning Movant of the possible consequences should he fail to respond to the Government's motion. ECF No. 1043. Movant subsequently filed a reply to the Government's response on July 5, 2012. ECF No. 1049. Movant asked this court to appoint counsel on May 29, 2014. ECF No. 1114.

## II.  DISCUSSION

### A. Ineffective assistance of counsel

Movant argues that he received ineffective assistance of counsel. *See* ECF No. 1017-3. Movant contends counsel was ineffective: (1) for failing to show that there was a variance between the allegations in the indictment and the evidence presented at trial with respect to the conspiracy charge (ECF No. 1017-3 at 3-5); (2) for failing to interview witnesses before trial (ECF No. 1017-3 at 6); (3) for failing to move to quash the indictment because it was insufficient based on the holdings of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005), and for failing to object to the verdict form (ECF No. 1017-3 at 11-19); (4) for failing to effectively cross-examine prosecution witness Corey Sapp, whose testimony was used to support a leadership enhancement at sentencing (ECF No. 1017-3 at 24-25); (5) for failing to advise him that *Begay v. United States*, 553 U.S. 137 (2008), was pending in the Supreme Court (ECF No. 1017-3 at 28-29); (6) for failing to object to the supposed

4

variance between the offenses charged in Counts 16 and 17 of the indictment and th evidence presented at trial; and (7) for failing to object to the Government's enhancement of his sentence pursuant to § 851 (ECF No. 1017-3 at 22-27).

To prove ineffective assistance of counsel, a defendant must show that trial counsel's performance was deficient. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). An attorney's performance is deficient when it is not reasonable under prevailing professional norms. *Id.* at 688. *Strickland* requires a defendant to "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. The court then must "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* Even if counsel's performance is outside the wide range of professional assistance, an error by counsel will not warrant setting aside the conviction unless the defendant can also demonstrate prejudice; that is, but for the trial counsel's error the judgment would have been different. *Id.* at 694.

*1. Evidence presented at trial proved the elements of the conspiracy charged in the indictment.*

Movant argues that his counsel was ineffective for failing to object to the claimed variance between what was charged in the indictment and the evidence presented at trial. ECF No. 1017-3 at 4. The crime of conspiracy charged in the indictment consists of three elements: (1) an agreement between two or more persons to engage in conduct that violates a federal drug law; (2) the defendant's knowledge of the conspiracy; and (3) the defendant's knowing and voluntary participation in the conspiracy. *United States v. Green*, 599 F.3d 360, 367 (4th Cir. 2010). "[E]vidence of continuing relationships and repeated transactions can support the finding that there was a conspiracy, especially when coupled with substantial quantities of drugs." *United States v.*

*Reid*, 523 F.3d 310, 317 (4th Cir. 2008). In addition, "trial evidence is sufficient to establish a single conspiracy where the conspirators are shown to share the same objectives, the same methods, the same geographic spread, and the same results." *United States v. Smith*, 451 F.3d 209, 218 (4th Cir. 2006).

The evidence presented at trial, summarized above, was sufficient for the jury to convict Movant of the conspiracy with which he was charged. The evidence showed that Movant bought, sold, and manufactured large quantities of cocaine. He sold and "fronted" large quantities of cocaine to others repeatedly with the expectation and knowledge that they would sell it. The conspiracy was centered in one town, Currytown, and around a central distribution point, "the tree." Thus, trial evidence showed that Movant engaged in a long-term pattern of conduct with the same individual co-conspirators to manufacture and sell crack cocaine, to distribute it from "the tree" in one geographic area, and to obtain the same results, namely the proceeds from the illegal sale of drugs. The court concludes that there was sufficient evidence presented to the jury to convict Movant of conspiracy. Movant's counsel was not ineffective for failing to challenge the indictment on the basis that there was a variance between the crime charged and the evidence presented at trial.

*2. Movant has not shown his counsel was ineffective for failing to interview witnesses.*

Under *Strickland*, a defendant must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." 466 U.S. at 690. Here, Movant contends that his counsel did not interview "any prosecution witnesses nor [Movant's] defense witnesses." ECF No. 1017-3 at 6. Movant believes that had counsel done so, the investigation would have revealed that the Government's case "could not be true." ECF No. 1017-3 at 6. Effective assistance of counsel "does not always compel counsel to undertake interviews and

6

meetings with potential witnesses where counsel is familiar with the substance of their testimony." *Huffington v. Nuth*, 140 F.3d 572, 580 (4th Cir. 1998). Further, Movant did not provide the names of any potential witnesses counsel failed to interview or the information to which they were prepared to testify. Movant has not, therefore, identified any potential testimony that renders counsel's failure to interview witnesses conduct that "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

*3. Movant's indictment and sentence conform with* Apprendi, Booker, *and* Blakely.

Movant argues that his counsel was ineffective for failing to object to the indictment based on the holdings of *Apprendi*, *Booker*, and *Blakely*. ECF No. 1017-3 at 6-19. Movant misunderstands the holdings of these cases. *Apprendi* held that: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed *statutory* maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (emphasis added). *Booker* and *Blakely* affirmed the central rule of *Apprendi.* The crime for which Movant was indicted and of which he was convicted—conspiracy to distribute 50 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(A) and 846—has a statutory sentencing range of a minimum of twenty years imprisonment to a maximum of life imprisonment. *See* ECF No. 792 at 29. Movant was sentenced to 360 months imprisonment, below the statutory maximum. Where, as here, a sentence less than the statutory maximum is imposed, the Due Process and Sixth Amendment interests protected by *Apprendi* and its progeny are not implicated. Thus, Movant's counsel was not ineffective for failing to challenge the indictment under *Apprendi*, *Booker*, or *Blakely*.

7

*4. Movant cannot demonstrate that the court's application of the leadership role and weapons sentencing enhancements could have successfully been objected to by his counsel.*

Movant contends that counsel "failed to properly question and cross examine the prosecutor witnesses at trial. This left the door open for [Movant] to receive the trial penalty of a Leadership role and a gun enhancement." ECF No. 1017-3 at 25. In particular, Movant argues that counsel was deficient in failing to appropriately cross-examine Corey Sapp. ECF No. 1017-3 at 25. However, as noted above, numerous other witnesses testified that they saw Movant in possession of a gun while he was selling drugs. The evidence presented at trial also revealed that Movant exercised a leadership role when he recruited others to sell drugs, when he organized the manufacture of crack cocaine, and when he delegated tasks to various co-conspirators. The court had substantial evidence to support the enhancements. Movant cannot, therefore, demonstrate prejudice arising from counsel's allegedly deficient performance.

*5. Movant's counsel's failure to challenge the designation of Movant as a career offender did not result in any prejudice.*

Movant argues his counsel was ineffective because counsel allegedly "failed to stay abreast of the Law," in particular the Supreme Court decision in *Begay v. United States*, 553 U.S. 137 (2008). *Begay* held that the felony offense driving under the influence of alcohol was not a violent felony for the purposes of 18 U.S.C. § 924(e) and not, therefore, a violent felony for the purposes of the career offender enhancement provided for in U.S.S.G. § 4B1.1. *See Begay*, 553 U.S. at 142-43. Subsequently, the Fourth Circuit Court of Appeals relied on *Begay* in *United States v. Rivers*, 595 F.3d 558 (4th Cir. 2010), to hold that the felony offense of failure to stop for a blue light was

8

not a violent felony under § 924(e). *Rivers*, 595 F.3d at 565. The Fourth Circuit issued its opinion in *Rivers* on February 25, 2010. *Id.* at 558. Movant's sentencing hearing was held on March 30, 2010. ECF No. 728. Movant suggests that counsel should have made arguments at the sentencing hearing under *Begay* and *Rivers* and should have challenged Movant's classification as a career offender on the basis of a prior conviction for failure to stop for a blue light. Assuming counsel was ineffective for failing to raise such an argument, Movant cannot demonstrate prejudice because Movant's criminal history points under the Guidelines (30) already placed him in the highest criminal history category (VI) even without the career offender enhancement. *See* ECF No. 725 at 36, ¶¶ 102-03. Because Movant cannot demonstrate prejudice, his claim of ineffective assistance of counsel fails.

*6. Movant's counsel's failure to object to a supposed variance between the offense charged in the indictment and the evidence presented at trial with respect to Counts 16 and 17 did not result in ineffective assistance of counsel.*

Movant argues his counsel was ineffective for failing to object to the supposed variance between the offenses charged in Counts 16 and 17 of the indictment and the evidence presented at trial. Count 16 of the superceding indictment charged Movant with possessing with intent to distribute a quantity of cocaine and five grams or more of cocaine base on April 8, 2008. The verdict form reflected this charge, and the jury found Movant guilty. At trial, the jury heard testimony that on April 8, 2008 law enforcement officers found 33 bags of powder cocaine and two bag of crack cocaine, containing 26.72 grams of powder cocaine and 16.12 grams of crack cocaine in Movant's vehicle. Trial Tr. at 31-37. A detective testified that the individual packaging of the drugs was an indication that they were for resale. Count 17 charged Movant with possessing with

intent to distribute a quantity of cocaine and a quantity of marijuana on April 22, 2008. The verdict form reflected this charge, and the jury found Movant guilty. At trial, the jury heard testimony that officers discovered 279.5 grams of marijuana, 50 bags containing a total of 17.08 grams of cocaine, scales, and plastic bags in Movant's vehicle on April 22, 2008.  Trial Tr. at 47-48, 206-210.  The evidence presented at trial, therefore, supported the offense charged in the indictment and counsel was not ineffective for failing to object.

*7. Movant's counsel was not ineffective for failing to object to the Government's procedures under § 851 to secure a sentencing enhancement .*

Movant argues that the Government did not follow the procedure necessary pursuant to 21 U.S.C. § 851 to justify a higher mandatory minimum sentence and that his counsel did not inform him that he was potentially exposed to such an enhancement.  ECF No. 1017-3 at 22-27. The Government filed an information as required by § 851 to establish a prior conviction on September 16, 2008.  ECF No. 297 (referencing a conviction in Aiken County state court for possession with intent to distribute cocaine on November 8, 2004).  According to Movant's counsel, counsel discussed the enhancement with Movant on multiple occasions and provided a copy of the information to Movant.  *See* ECF No. 1042-2 (Aff. of Movant's counsel).  Movant further avers that his counsel should have objected to the enhanced sentence because the prior conviction used for enhancement purposes was "listed in the defendant's Presentence Report as being uncounseled."  ECF No. 1017-3 at 22.  Contrary to Movant's contentions, the Presentence Investigation Report specifically states with reference to the prior conviction that "[t]he defendant was represented by legal counsel in Aiken County General Sessions Court."  ECF No. 735 at 34, ¶ 94. The court concludes that Movant's counsel was not ineffective for failing to

object to either the Government's procedure pursuant to § 851or to the use of Movant's November 8, 2004 conviction in state court.

**B. Movant is barred from raising on collateral review the issue of the admissibility of his October 16, 2007 statements to law enforcement.**

Movant complains that statements he made to law enforcement agents on October 16, 2007 were pursuant to plea negotiations and should not have been admissible at trial. ECF No. 1017-3 at 32. Movant did not raise this claim on direct review, and thus it is procedurally defaulted. *United States v. Harris*, 183 F.3d 313, 317 (4th Cir. 1999) ("an error can be attacked on collateral review only if first challenged on direct review"); *See also* ECF No. 979 (opinion of the Fourth Circuit summarizing Movant's arguments on direct appeal). "A claim raised for the first time in a § 2255 motion generally is not cognizable in federal court unless the petitioner demonstrates both (1) 'cause' excusing his . . . procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains. *United States v. Landrum*, 93 F.3d 122, 124 (4th Cir. 1996) (internal quotations and citations omitted). Movant has not demonstrated cause and actual prejudice for not raising this claim. Thus, this claim is not cognizable on collateral review before this court.

**C. Motion to appoint counsel**

It is within the court's discretion to appoint counsel if the court deems it to be "in the interest of justice." 18 U.S.C. § 3006A(2)(b). Rule 8(c) of the Rules Governing § 2255 Proceedings provides that a court must appoint counsel in a habeas proceeding only "[i]f an evidentiary hearing is required." The interests of justice do not require the appointment of counsel, and an evidentiary hearing is not required to resolve Movant's § 2255 motion. Accordingly, Movant's motion to appoint counsel is denied.

### III. CONCLUSION

For the reasons above, Movant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 1017) is **DENIED**. The Government's motion for summary judgment (ECF. No. 1042) is **GRANTED**. Movant's motion to appoint counsel (ECF No. 1114) is **DENIED.**

### Certificate of Appealability

A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this matter, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, the court **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Court Judge

October 31, 2014
Columbia, South Carolina